**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CHERYL COLE,

Plaintiff,

vs.

U.S. BANK,

Defendant.

Case No. 1:25-cv-00443

Hopkins, J.
Bowman, M.J

## MEMORANDUM OPINION

This matter is before the Court on Defendant's motion for sanctions (Doc. 13) and the parties' responsive memoranda (Docs. 15, 19). Defendant seeks dismissal with prejudice and an award of attorneys' fees and costs based on Plaintiff's repeated discovery delays and failure to comply with the Court's discovery order. Plaintiff acknowledges that her responses were untimely and that some documents remain outstanding. For the following reasons, the motion is denied.

### I. Background

Plaintiff filed this action in the Hamilton County Court of Common Pleas in June 2025, and Defendant removed it to this Court. On August 15, 2025, Defendant served interrogatories and requests for production. After Plaintiff failed to respond timely and Defendant's efforts to resolve the dispute proved unsuccessful, Defendant moved to compel on February 6, 2026. (Doc. 10).

The Court granted that motion on March 9, 2026, ordering Plaintiff to produce all responsive documents by March 16 and warning that noncompliance would result in

sanctions under Federal Rule of Civil Procedure 37(b). (Doc. 12). The Court also directed Plaintiff to confirm by March 16 whether she would attend a March 30 deposition in Jacksonville, Florida.

Plaintiff neither completed production nor confirmed her availability by the deadline. Defendant therefore moved for sanctions on March 17. (Doc. 13). According to Plaintiff's counsel, he produced records from one medical provider that day and additional medical records and Plaintiff's 2025 W-2s on March 19 and 20. Counsel represented that records from two remaining medical providers had been requested and would be produced upon receipt. (Doc. 15).

Defendant responds that, as of March 24, Plaintiff still had not produced those medical records, W-2s for 2022 through 2024, job-search records, or a signed verification of her interrogatory responses. (Doc. 19).

## II. Analysis

### A. Dismissal

Rule 37(b)(2)(A)(v) authorizes dismissal when a party disobeys a discovery order. Rule 41(b) likewise permits dismissal for failure to prosecute or comply with a court order. Dismissal, however, is a "harsh sanction" reserved for "extreme situations." *Little v. Yeutter*, 984 F.2d 160 (6th Cir. 1993); see also *Peltz v. Moretti*, 292 F. App'x 475, 478 (6th Cir. 2008).

Courts consider four factors: (1) whether the noncompliance resulted from willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice; (3) whether the offending party was warned that dismissal could follow; and (4) whether lesser sanctions were imposed or considered. *Norris v. MK Holdings, Inc.*, 734 F. App'x

950, 957 (6th Cir. 2018). No factor is dispositive. *Barron v. Univ. of Mich.*, 613 F. App'x 480, 484 (6th Cir. 2015).

The first factor weighs against dismissal. Conduct warranting dismissal generally reflects "an intent to thwart judicial proceedings or a reckless disregard" for its effect on those proceedings. *Carpenter v. City of Flint*, 723 F.3d 700, 704–05 (6th Cir. 2013). Plaintiff's discovery delays are substantial and undisputed. Counsel attributes them, however, to Plaintiff's mental-health limitations, relocation and home sale, delays in obtaining medical records, and counsel's own health issues. (Doc. 15). Plaintiff's subsequent production and efforts to obtain the remaining medical records also weigh against finding an intent to abandon or obstruct this litigation.

Defendant identifies additional concerns, including Plaintiff's failure to produce W-2s she reportedly possesses and counsel's allegedly inaccurate representation about when Plaintiff signed a medical release. (Doc. 19). Those concerns do not, on this record, establish misconduct warranting dismissal. The Sixth Circuit has expressed "extreme reluctance" to dismiss an action merely to discipline counsel. *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359 (6th Cir. 1999). It has also reversed dismissals involving substantial attorney delay and missed deadlines. See *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 688 (6th Cir. 1985); *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980).

The second factor favors Defendant. Plaintiff's delays required Defendant to expend time and resources pursuing discovery, participating in discovery conferences, and moving to compel. Such expenditures constitute prejudice. See *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). Defendant also argues that incomplete production impaired its preparation for Plaintiff's deposition. Although the March 30

deposition did not occur, that circumstance does not eliminate the expense and delay already incurred. Nevertheless, the prejudice identified is reparable and does not, standing alone, justify dismissal.

The third factor also favors Defendant. The Court expressly warned Plaintiff that failure to comply with its discovery directives could result in sanctions, including dismissal. Plaintiff nevertheless failed to complete production or timely confirm her deposition availability. That warning supports sanctions but does not independently require dismissal.

The fourth factor weighs against dismissal. The Court has not previously imposed lesser sanctions, and the present record does not establish that lesser measures would be ineffective. Dismissal is generally disfavored when less severe sanctions remain available. See *Gunnell v. Richardson*, No. 1:14-cv-236, 2015 U.S. Dist. LEXIS 49661, at *4 (S.D. Ohio Mar. 27, 2015).

On balance, Plaintiff's noncompliance is serious, but the record does not warrant the ultimate sanction of dismissal. Defendant's request for dismissal is therefore denied.

**B. Attorneys' Fees and Costs**

Rule 37(b)(2)(C) requires an award of reasonable expenses, including attorneys' fees, caused by noncompliance unless the failure was substantially justified or other circumstances would make an award unjust. Although Plaintiff's explanations do not excuse her failure to comply with the Court's deadline, the Court finds that the combination of Plaintiff's health limitations, counsel's medical issues, difficulties obtaining third-party medical records, and subsequent production makes an expense award unjust

under the circumstances presented. (Doc. 15). Defendant's request for attorneys' fees and costs is therefore denied.

**III. Conclusion**

For these reasons, Defendant's motion for sanctions (Doc. 13) is **DENIED**. The parties are directed to submit a joint proposed calendar that includes a new discovery deadline, any necessary expert disclosure deadlines, a dispositive motion deadline date, and a proposed trial date.

**IT IS SO ORDERED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge